Dear Mr. Fitchue,
This office is in receipt of your opinion request concerning telephone monitoring of employees and possible conflict of interest. Specifically you ask:
 1. Whether an employer may eavesdrop on an employee's telephone conversations at the work place?
 2. If so, may such information be used in a court of law?
 3. Is there a conflict of interest for legal counsel to be employed by a non-profit corporation funded by State or Federal monies if the legal counsel's relative is chairman of the board?
In response to your first question, LSA-R.S. 15:1303, in pertinent part, provides:
 A. Except as otherwise specifically provided in this Chapter, it shall be unlawful for any person to:
 (1) Willfully use, endeavor to intercept, or procure any other person to intercept or endeavor to intercept, any wire or oral communication.
 (2) Willfully use, endeavor to use, or procure any other person to use or endeavor to use, any electronic, mechanical, or other device to intercept any oral communication when:
 (a) Such device is affixed to, or otherwise transmits signal through, a wire, cable, or other like connection used in wire communication; or
 (B) Such device transmits communications by radio or interferes with the transmission of such communication;
 (3) Willfully disclose, or endeavor to disclose, to any other person the contents of any wire or oral communication, knowing or having reason to know that the information was obtained through the interception of a wire or oral communication in violation of this Subsection; or
 (4) Willfully use, or endeavor to use, the contents of any wire or oral communication, knowing or having reason to know that the information was obtained through the interception of a wire or oral communication in violation of this Subsection.
LSA-R.S. 15:1303(C) provides exceptions to this general rule. However, these exceptions only apply to officers, employees, or agents of telephone services/common carriers and the Federal Communications Commission. Exceptions also apply to law enforcement personnel acting under the color of the law. A final exception exists wherein one of the parties to the communication has given prior consent to have the conversation monitored, provided such interception is not taken for the purpose of committing a criminal or tortious act.
In Opinion 94-451, this office considered whether an employer could voice monitor telephone calls in the work place. That opinion stated that all citizens of the state are protected from unreasonable searches and seizures by the United States and Louisiana Constitutions.
However, when a consensual monitoring occurs, the employee no longer has the necessary subjective expectation of privacy because that individual has assumed the risk that his remarks will be disclosed to others. Therefore, in order for telephone monitoring of employees' conversations to be legal, the employee's consent must be freely given when the monitoring is done merely as a means of controlling work place efficiency.
In answer to your second question, LSA-R.S. 15:1307(A) provides:
 Whenever any wire or oral communication has been intercepted, no part of the contents of such communication and no evidence derived therefrom may be received in evidence in any trial, hearing, or other proceeding in or before any court, grand jury, department, officer, agency, regulatory body, legislative committee, or other authority of the state, or a political subdivision thereof, if the disclosure would be in violation of this Chapter.
Therefore, if the communication is intercepted in a manner that violates the provisions of LSA-R.S. 15:1301 et seq., no part of its contents may be used as evidence in a court of law.
Your final inquiry presents an issue of conflict of interest. We direct you to the Louisiana State Ethics Commission which is better suited to address this concern. The Commission may be contacted at 7434 Perkins Road, Suite B, Baton Rouge, Louisiana, 70808; (504) 765-2308.
I trust this adequately answers your questions. Should you require further assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ CARLOS M. FINALET, III ASSISTANT ATTORNEY GENERAL
CMF:ams
Date Received:
Date Released: March 29, 1996
CARLOS M. FINALET, III ASSISTANT ATTORNEY GENERAL